THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. DAVID L. FALES, Respondent-Appellant.

Third District   No. 3—92—0382

Opinion filed July 16, 1993.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

On January 20, 1989, the respondent, David L. Fales, was adjudicated a sexually dangerous person. He was also ordered to pay $80 in court costs and a $25 "crime victims fund" fine. In August of 1991, Fales filed a recovery petition that was denied.

On appeal from the denial of his petition, Fales argues that the order for costs and the crime victims' fund fine must be reversed because they are void. The State concedes that the orders for costs and the crime victims' fund fine must be reversed. Accordingly, we reverse that portion of the trial court's judgment.

■ Initially, we note that the imposition of costs was unknown at common law and is therefore totally a matter of statutory construction. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.) The statutory provisions regarding costs must be strictly construed. (*People v. Bratcher* (1986), 149 Ill. App. 3d 425, 500 N.E.2d 954.) The costs statute pertinent to this case states, "When any person is *convicted* of an offense *** the court shall enter judgment that the offender pay the costs of the prosecution." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 180—3.) Thus, courts of review have noted that a conviction is a prerequisite for the imposition of costs. (*People v. Palmer* (1983), 120 Ill. App. 3d 707, 458 N.E.2d 1044.) Accordingly, a cost order must be vacated when there is *no* underlying conviction upon which the assessment can rest. *People v. DuMontelle* (1978), 71 Ill. 2d 157, 374 N.E.2d 205.

With regard to the crime victims' fund fine, the pertinent statute calls for a mandatory assessment "[w]hen any person is *convicted* *** of an offense." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 70, par. 510(c).) Thus, a conviction is also a prerequisite for imposition of a crime victims' fund fine.

Based on the foregoing principles, we find that Fales' fine and costs order must be reversed. A prosecution under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1991, ch. 38, par. 105—1 *et seq.*) is not a criminal prosecution and does not result in a conviction. (*People v. Allen* (1985), 107 Ill. 2d 91, 481 N.E.2d 690.) Since Fales was not convicted of a crime, the trial court could not impose the fine and costs order.

■ Parenthetically, we note that Fales' argument may appear to be waived because he did not appeal the original judgment imposing the fine and costs. However, since the trial court lacked authority to impose the fine and costs, the order was void *ab initio*. Such an order

may be attacked at any time. (*In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910.) We therefore conclude that Fales did not waive his argument.

For the reasons indicated, Fales' costs order and crime victims' fund fine are reversed. The judgment of the circuit court of Fulton County is otherwise affirmed.

Affirmed in part and reversed in part.

BARRY and LYTTON, JJ., concur.