FOURTH DIVISION

                                                  August 18, 2005  

1-04-1092

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee,           )    Cook County. 

)

v. ) 

)

ZBIGNIEW RACZKOWSKI, ) Honorable

) James P. Etchingham,

Defendant-Appellant. ) Judge Presiding.

MODIFIED UPON REHEARING

PRESIDING JUSTICE QUINN delivered the opinion of the court:

On June 13, 1990, defendant Zbigniew Raczkowski pleaded guilty to a charge of retail theft (720 ILCS 5/16A-3 (West 1992)).  The question presented here on appeal, one of first impression in Illinois, is whether the circuit court's failure to provide defendant with an interpreter during his plea proceedings rendered his conviction void.  For the following reasons, we find that it did not.

BACKGROUND

    After defendant pleaded guilty, the circuit court ordered defendant to pay a fine and sentenced him to one year of conditional discharge, which qualifies as a criminal conviction under the Unified Code of Corrections (730 ILCS 5/5-6-1 (West 1992)).  Defendant signed the order, paid his fine, and successfully completed his conditional discharge sentence.  No posttrial motions were submitted, no direct appeal was taken, and no postconviction petition was filed. 

On August 7, 2003, over 13 years after the circuit court entered judgment on his guilty plea, defendant filed a motion to vacate a void and unconstitutional judgment
(footnote: 1), alleging that his guilty plea and subsequent conviction were void.  Specifically, defendant alleged that though, in 1990, he spoke and understood only Polish, no interpreter was present during his plea proceedings.  Because he did not understand the proceedings or the potential ramifications of his guilty plea, defendant alleged that he was not "present" for those proceedings.  Accordingly, defendant sought to vacate what he characterized as a "void" judgment.

On March 19, 2004, the trial court denied defendant’s motion, finding that even though his conviction may have been voidable due to the absence of an interpreter, the proper time to attack that conviction had passed.  On appeal, defendant argues that this finding was in error.  We disagree.

Initially, we note that no transcript of defendant's 1990 plea proceedings is present in the record.  In an offer of proof attached to defendant's 2-1401 motion, defendant's attorney averred the following:

"If Court Reporter Mary Lindemann were allowed to 

testify at an evidentiary hearing on defendant's 

aforesaid Motion, she would testify that on August 7, 

2003 [defendant's attorney] went to the Third District

Court Reporter's Office and ordered the transcript of

proceedings of June 13, 1990 in this cause ***.  Court

Reporter Lindemann would further testify that upon

diligent research, she determined that she was the 

assigned Court Reporter of June 13, 1990 in this case,

but cannot produce a transcript of proceedings for that

date, because either the proceedings were not

transcribed, or her notes were lost.  One of those two 

scenarios exists, she is not sure which one."

A review of the circuit court's half-sheets seems to support the former scenario: "CWIC 402 Conf 
w/o CR 
PG JW FG JOF (PRIOR SUP) 1

YR COND DISCHARGE."  (Emphasis added).

However, an appellant has the burden of providing the reviewing court with a sufficiently complete record of the proceedings at trial to support a claim of error, and in the

absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient basis.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 392-93 (1984).  Where the issue on appeal relates to the conduct of a proceeding, the issue is not subject to review absent a report or record of the proceeding.  
Webster v. Hartman
, 195 Ill. 2d 426, 432 (2001).

Though the absence of a transcript of defendant's 1990 plea proceedings in the record before us does not appear to be chargeable to either defendant or his attorney, without that transcript this Court cannot evaluate defendant's claims.  See 
Webster
, 195 Ill. 2d at 432 (noting that based on the nature of an appeal, the court of review must have the record before it in order to determine whether there is the error claimed by the appellant).              

Even assuming, 
arguendo
, that no interpreter was present, we find that his guilty plea was merely voidable, and thus, the circuit court properly denied his motion to vacate his conviction.  "Whether a judgment is void or voidable presents a question of jurisdiction."  
People v. Davis
, 156 Ill. 2d 149, 155 (1993).  A judgment is void (as opposed to voidable) only if the court that entered it lacked jurisdiction. 
 People v. Rodriguez
, 355 Ill. App. 3d 290, 296 (2005); 
People v. Speed
, 318 Ill. App. 3d 910, 914 (2001).  For instance, where a court lacks jurisdiction of the parties or the subject matter, or exceeded its statutory power to act, any resulting judgment is void and may be attacked either directly or indirectly at any time.  See 
 Davis
, 156 Ill. 2d at 156; see also 
Rodriguez
, 355 Ill. App. 3d at 296 ("The jurisdictional failure can be the court's lack of (1) personal jurisdiction or (2) subject matter jurisdiction, but it can also be (3) that the court lacked the power to render the particular judgment or sentence").  "By contrast, a voidable judgment is one entered erroneously by a court acting within its jurisdiction and is correctable on review [only] if a timely appeal is taken."  
Speed
, 318 Ill. App. 3d at 914.

In Illinois, jurisdiction is conferred by the constitution.  
People v. Gilmore
, 63 Ill. 2d 23, 26 (1976).  Pursuant to article VI, section 9, of our constitution, the circuit courts have jurisdiction over all justiciable matters (Ill. Const. 1970, art. VI, § 9), and a trial court obtains 
personal jurisdiction
 over a defendant when he appears before it (
Speed
, 318 Ill. App. 3d at 915).  "Generally, once a court has acquired jurisdiction, no subsequent error or irregularity will oust the jurisdiction thus acquired.  Accordingly, a court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both
."  
Davis
, 156 Ill. 2d at 156.  
The question here is whether the denial of an interpreter divested the circuit court of the jurisdiction to enter judgment on defendant's guilty plea (see 
Davis
, 156 Ill. 2d at 156)
, or whether that denial was simply an "error or irregularity" which did not "oust the jurisdiction" of the court (see 
Davis
, 156 Ill. 2d at 156)
.

A defendant has a fundamental right, under the confrontation clause of the sixth amendment, to be present during the testimony of witnesses against him.  See 
People v. Escalante
, 256 Ill. App. 3d 239, 245 (1994), citing 
People v. Mallett
, 30 Ill. 2d 136, 141-42 (1964).  In nontrial proceedings 
where the right to confrontation is not implicated, the right to presence originates in the due process clause, and its scope depends on whether a fair hearing is undermined by the defendant's absence.  
United States v. Gagnon
, 470 U.S. 522, 526 84 L. Ed. 2d 486
, 490, 105 S. Ct. 1482, 1484 (1985).  For a defendant who does not speak or understand English, his right to presence would ring hollow unless accompanied by the aid of an interpreter.  See 
Escalatne
, 256 Ill. App. 3d at 246 (citing several cases stating that the absence of an interpreter will render a defendant who does not understand English "not present" for trial).  The presence of an interpreter ensures that such a defendant will not "face the Kafkaesque spectre of an incomprehensible ritual which may terminate in punishment."  
United States v. Carrion
, 488 F.2d 12, 14 (1st Cir. 1973).  

Section 1 of the Criminal Proceeding Interpreter Act sets forth the procedures for determining whether an interpreter will be provided.   See 725 ILCS 140/1 (West 2002)
(footnote: 2).  Though the decision to appoint an interpreter is left to the trial court’s discretion (See 
Escalante
, 256 Ill. App. 3d at 245), that discretion is limited to the factual question of whether an interpreter is needed; a trial court does not have the discretion to deny an interpreter to a defendant who needs one (see 725 ILCS 140/1 (West 2002)). 

There is a difference, though, between a defendant who is "not present" in violation of the sixth amendment or due process clause, and one who is "not present" for jurisdictional purposes.  Without the aid of an interpreter, the former, though physically present in the courtroom, 
is not "mentally" there, and, thus, he cannot participate in or understand the proceedings.  See 
United States ex rel. Negron v. New York
, 434 F.2d 386, 390 (2d Cir. 1970) ("Not only for the sake of effective cross-examination, however, but as a matter of simple humaneness, [a defendant] deserve[s] more than to sit in total incomprehensiveness as the trial proceed[s]").  However, it is only over the latter, who is not physically present within the courthouse walls, that the trial court lacks jurisdiction.    

Defendant claims that the absence of an interpreter meant that he was not present during his plea proceedings.  Not so.  He was physically present in the courtroom during those proceedings, which is all that was necessary to invest the circuit court with the power to enter judgment on his guilty plea.  See
 Speed
, 318 Ill. App. 3d at 915
 (stating that a trial court obtains 
personal jurisdiction
 over a defendant when he appears before it).  Though the failure to provide an interpreter may have violated defendant's constitutional and statutory rights, that failing did not divest the court of jurisdiction over him, but instead merely rendered his resultant guilty plea voidable if challenged in a timely manner.
  See 
Speed
, 318 Ill. App. 3d at 914 (stating that
 a voidable judgment is one entered erroneously by a court acting within its jurisdiction and is correctable on review only if a timely appeal is taken).  
 
    

This finding is in accord with 
our supreme court's decision in 
Davis
.  In 
Davis
, the defendant claimed that his conviction for both the greater offense of possession of cannabis with intent to deliver and the lesser offense of unlawful possession of cannabis offended the constitutional prohibition against double jeopardy under both the United States and Illinois Constitutions.  
Davis
, 156 Ill. 2d at 153.  He therefore filed a postconviction petition seeking to vacate his "void" conviction for the lesser offense.  
Davis
, 156 Ill. 2d at 153.

The supreme court rejected his argument, finding that his conviction was merely voidable.  
Davis
, 156 Ill. 2d at 157-58.  In doing so, the court acknowledged that it was running roughshod over the defendant's double jeopardy rights:

     "Defendant's reasoning, although not expressly articulated, is that because the constitution prohibits multiple punishments for the same offense, the improper conviction on the lesser offense, coupled with the conviction on the greater offense, exceeds constitutional authority.  Clearly, the infringement of certain fundamental rights, like due process and equal protection, is constitutionally impermissible.  However, although violation of such rights may present a proper subject for an exercise of the court's jurisdiction, the rights do not, themselves, vest a court with subject matter jurisdiction.  See 21 C.J.S. 
Courts
 § 9 (1990) (jurisdiction is [a] subject which relates to power of court and not to rights of parties)."  
Davis
, 156 Ill. 2d at 157.

Nevertheless, the court found that the apparent double jeopardy violation did not divest the trial court of the jurisdiction to enter judgment on defendant's conviction for the lesser offense:

"[J]urisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right. ***

***

     Our constitution confers upon the circuit courts a general grant of authority to hear and decide all matters of controversy.  Such jurisdiction is not defined by the propriety of the court's judgments.  'There are many rights belonging to litigants – rights which a court may not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void.'  (
Humphries v. District of Columbia
 (1899), 174 U.S. 190, 194, 43 L. Ed. 2d 944, 945, 

19 S. Ct. 637, 639, 43 L. Ed. 2d 944, 945.)"  

Davis
, 156 Ill. 2d at 156-57.

While the failure to provide an interpreter may have violated defendant's rights, it did not affect the power of the circuit court to enter judgment on his guilty plea.  
Therefore, the circuit court properly found that defendant's conviction was not void and dismissed his motion to vacate.

Affirmed.

GREIMAN and THEIS, JJ., concur.

FOOTNOTES
1: Defendant failed to cite any statutory authority as the basis for presenting his motion to the circuit court below.  While it is well settled that a party can attack a void judgment at any time, a freestanding motion is not the proper way to challenge such a judgment.  See 
People v. Rodriguez
, 355 Ill. App. 3d 290, 293, (2005).
  Therefore, even though defendant did not entitle his motion as such, we will review this matter as if it were the denial of a petition filed under section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f)(West 2002)).  See 
Sarkissian v. Chicago Board of Education
, 201 Ill. 2d 95, 101-02 (2002) (construing an order denying an untitled motion to vacate a void judgment as the denial of a section 2-1401 motion).
 

2: Section 1 states, in pertinent part: "Whenever any person accused of committing a felony or misdemeanor is to be tried in any court of this State, the court shall upon its own motion or that of defense or prosecution determine whether the accused is capable of understanding the English language and is capable of expressing himself in the English language so as to be understood directly by counsel, court or jury.  If the court finds the accused incapable of so understanding or so expressing himself, the court shall appoint an interpreter for the accused who he can understand and who can understand him."  725 ILCS 140/1 (West 2002).