No. 3-05-0003

_____
filed July 27, 2006
IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04-CF-220 |
| LEROY MCAFEE, | ) ) | Honorable Richard Schoendstedt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SLATER delivered the opinion of the court:
_____

Defendant Leroy McAfee was convicted of unlawful possession of a controlled substance and he was sentenced to a term of 30 months' probation. Defendant was required to submit a DNA sample (see 730 ILCS 5/5-4-3 (West 2004)), pay a $200 genetic marker analysis fee (see 730 ILCS 5/5-4-3(j) (West 2004)) and pay a $10 fee for the collection of the DNA sample. On appeal, defendant contends that: (1) the compulsory extraction of his blood and the storing of his DNA profile violated his right to be free from unreasonable searches and seizures; (2) the trial court lacked the authority to impose the $10 DNA collection fee; and (3) defendant is entitled to a $20 credit against his fines for the four days he spent in custody. We affirm in part, vacate in part and remand with directions.

Facts

Since resolution of the issues raised by defendant on appeal is not dependant on the circumstances surrounding his conviction, we will provide only a brief description of the facts. Defendant was stopped by police after he was seen on property owned by the Joliet Housing Authority after he had been warned to stay away unless he had a pass. Defendant was arrested after police determined that he had an outstanding warrant, and a search disclosed three plastic baggies containing cocaine. Defendant's subsequent motion to suppress was denied and he was convicted after a stipulated bench trial.

Analysis

The first issue raised by the defendant, that the statute authorizing extraction and storage of DNA samples unconstitutionally infringes upon the right to be free from unreasonable searches and seizures, has recently been considered by our supreme court. In People v. Garvin, 219 Ill. 2d 104, 847 N.E.2d 82 (2006), the court held that section 5-4-3 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4-3 (West 2002)) did not violate the fourth amendment. As defendant makes no arguments beyond those resolved in Garvin, we reject defendant's challenge to the constitutionality of section 5-4-3.

Defendant next asserts that the $10 collection fee imposed by the court should be vacated because it was levied without statutory authority. We agree.

Subsection 5-4-3(j) of the Code provides that any person required to submit a specimen for DNA analysis, "in addition to any other disposition, penalty, or fine imposed, shall pay an analysis fee of $200." 730 ILCS 5/5-4-3(j) (West 2004). From that $200 fee, the clerk of the circuit court is allowed to retain $10 "to offset

2

administrative costs incurred in carrying out the clerk's responsibilities under this Section." 730 ILCS 5/5-4-3(k)(2) (West 2004). No statutory provision authorizes the collection of additional fees. Nevertheless, by administrative order of the 12th Judicial Circuit, the circuit clerk was authorized to collect an additional $10 to reimburse Will county for their costs in collecting the DNA specimens. See 12th Judicial Cir. Admin. Order No. 03-31 (eff. September 3, 2003).

In People v. Hunter, 358 Ill. App. 3d 1085, 831 N.E.2d 1192 (2005), the reviewing court held that the trial court lacked the authority to order a defendant to pay a fee for collection of DNA. The Hunter court considered and rejected arguments that such a fee was authorized under section 5-4-3, either implicitly or under the clause providing for the $200 analysis fee "in addition to any other disposition, penalty, or fine imposed." 730 ILCS 5/5-4-3(j) (West 2004). The court noted that statutory provisions regarding costs must be strictly construed, and "[t]he statute does not by its own terms provide the authority for imposing the cost of collection on defendant." Hunter, 358 Ill. App. 3d at 1095, 831 N.E.2d at 1199. The court also ruled that the collection fee was not a "fine" or "court costs" which could be assessed as a condition of probation under section 5-6-3(b)(2) of the Code (see 730 ILCS 5/5-6-3(b)(2) (West 2004)), nor was it a "cost of prosecution" which could be imposed under section 124A-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/124A-5 (West 2004)).

We agree with the Hunter court's decision and adopt its analysis. Accordingly, we reject the State's argument in this court that imposition of the collection fee was authorized as a condition of probation. As noted in Hunter, the collection fee is not a fine or court cost, and therefore is not authorized by section 5-6-3(b)(2) of the Code.

3

See 730 ILCS 5/5-6-3(b)(2) (West 2004) (providing that the court may, as a condition of probation, require a defendant to pay a fine and costs). A probation condition which is not expressly authorized by the Code may only be imposed if it is reasonable and is related to the nature of the offense or the rehabilitation of the defendant. People v. Meyer, 176 Ill. 2d 372, 680 N.E.2d 315 (1997); People v. Campbell, 325 Ill. App. 3d 569, 758 N.E.2d 504 (2001). While a $10 DNA collection fee is certainly not unreasonable, we fail to see how it relates to the offense of possession of a controlled substance or to defendant's rehabilitation.

The State also argues that the administrative order imposing the $10 fee was authorized under Supreme Court Rule 21(a), which states:

"Rule 21. Court Rules and General Orders; Filing of Rules

(a) Appellate Court and Circuit Court Rules. A majority of the Appellate Court judges in each district and a majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State." 134 Ill. 2d R. 21(a).

First, it is not clear that the order at issue was adopted pursuant to Rule 21(a). It does not state that it was approved by a majority of the circuit judges and it is entitled "administrative order", not "circuit court rule." Cf. 134 Ill. 2d R. 21(b) (authorizing chief judge of each circuit to enter orders "in the exercise of his general administrative authority" concerning assignment of judges, creating special divisions, and setting times and places of holding court). Second, a rule promulgated pursuant to Rule 21(a) may

4

not abrogate, limit or modify existing law. <u>People v. Schroeder</u>, 102 Ill. App. 3d 133, 429 N.E.2d 573 (1981). Section 5-4-3 of the Code is not silent regarding the costs to be borne by the defendant, requiring him to pay a $200 analysis fee. The statute also allocates $10 to the circuit clerk to offset administrative costs. In the face of such specific statutory directives, we believe that the order imposing a $10 collection fee improperly modifies existing law and is void.

Our finding that the $10 DNA collection fee was unauthorized also disposes of the State's claim that the defendant waived the issue by failing to raise it in the trial court. "[I]f a court lacks the authority to impose a cost, such order is void <u>ab</u> <u>initio</u> and may be attacked at any time." <u>Hunter</u>, 358 Ill. App. 3d at 1094, 831 N.E.2d at 1198-99.

Finally, the State concedes that defendant is entitled to a $5 per day credit towards his street value fine. We therefore direct the trial court on remand to award the defendant a $20 credit toward that fine.

In summary, we reject defendant's constitutional challenge to section 5-4-3 of the Code. We vacate the unauthorized $10 DNA collection fee imposed by the court, and we remand for entry of a $20 credit toward defendant's fine.

Affirmed in part and vacated in part; remanded with directions.

McDADE and HOLDRIDGE, J.J., concur.