# Illinois Official Reports

## Appellate Court

*In re Davontay A.*, 2013 IL App (2d) 120347

| | |
|---|---|
| Appellate Court Caption | *In re* DAVONTAY A., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Davontay A., Respondent-Appellant).–*In re* DONAVON A., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Donavon A., Respondent-Appellant). |
| District & No. | Second District<br>Docket Nos. 2-12-0347, 2-12-0376 cons. |
| Filed | December 30, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondents' adjudication as delinquent minors based on the findings that they committed multiple offenses, including the aggravated criminal sexual abuse of a female passenger on a school bus, was upheld over their contention that there was no evidence that they intended the sexual gratification or arousal of anyone, since the trial court's inference that respondents' actions were for the purpose of sexual gratification or arousal, not merely the humiliation of the victim, was not against the manifest weight of the evidence; however, the imposition of the $200 sexual assault fine was vacated because the statute did not provide for the application of the fine to persons adjudicated as delinquent minors and made wards of the court. |
| Decision Under Review | Appeal from the Circuit Court of Winnebago County, Nos. 10-JD-419, 10-JD-418; the Hon. K. Patrick Yarbrough, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part. |

| Counsel on Appeal | Thomas A. Lilien and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Joseph P. Bruscato, State's Attorney, of Rockford (Lawrence M. Bauer and Colleen P. Price, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. |
| | Justices Hutchinson and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    In these consolidated cases, respondents, Davontay A. and Donavon A., were adjudged to be delinquent minors, made wards of the court, and placed on probation.[1] They now appeal, contending that: (1) the charges against them were not proven beyond a reasonable doubt; and (2) the trial court erred in assessing sexual assault fines. We affirm in part and vacate in part.

¶ 2                                    I. BACKGROUND

¶ 3    Davontay, age 13, and his brother Donavon, age 12, were each charged under the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/1-1 *et seq.* (West 2008)) with 13 sex-related offenses arising from an incident occurring on a school bus on December 1, 2010, involving a 13-year-old fellow student, K.J.D.[2] After trial, the trial court found the following charges against Davontay proven: aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(2)(ii) (West 2008)) (count I); attempt (aggravated criminal sexual abuse) (720 ILCS 5/8-4(a), 12-16(c)(2)(ii) (West 2008)) (count IV); criminal sexual abuse (720 ILCS 5/12-15(b) (West 2008)) (count VII); and aggravated battery (720 ILCS 5/12-4(b)(8) (West 2008)) (count XIII). The court found the following charges against Donavon proven: attempt (aggravated criminal sexual abuse) (720 ILCS 5/8-4(a), 12-16(c)(2)(ii) (West 2008)) (count V); and aggravated battery (720 ILCS 5/12-4(b)(8) (West 2008)) (count X).

---

[1]Respondents were tried together. However, they were represented by different attorneys, who filed separate pleadings, and had separate dispositional hearings.

[2]The delinquency petitions also charged respondents with additional offenses against other victims that are not relevant to this appeal.

- 2 -

¶ 4        K.J.D. testified that, on December 1, 2010, as she was riding the late activity bus home from school, she was bothered by a series of boys. She moved to various seats on the bus to get away from the boys, but eventually a boy named Dezzion sat next to her. Dezzion turned her around in her seat so that she faced the back of the seat and "started humping" her for about a minute, pressing the front of his body against the back of her body.[3] When Dezzion left, Davontay took his spot. K.J.D. was standing on the seat, facing sideways, and Davontay was lying down on the seat. His left hand was on K.J.D.'s upper thigh and his right hand was on her vagina, moving. Davontay and another boy, Quinten, tried to prevent K.J.D. from leaving, but Quinten let her go, and she punched Davontay. She then attempted to move to the back of the bus. As she walked in the aisle, Donavon "humped" her. His hands were on her waist and he moved his body back and forth on her "behind" for about a minute before he left and K.J.D. took a seat. K.J.D. testified that Donavon later told her to get up from that seat and pushed her face with an open hand when she refused.

¶ 5        The State also introduced into evidence a DVD recording, approximately 40 minutes long, from a surveillance camera mounted at the front of the bus facing the back. K.J.D. testified while she watched the recording, pointing out individuals and describing their actions. The recording shows a school bus full of students; without a witness to identify respondents or even K.J.D., it is difficult to discern individuals or relevant actions to which witnesses testified while watching the recording.

¶ 6        Davontay testified that he took the activity bus home from school on December 1, 2010. He had known K.J.D. for about two years. He denied grabbing K.J.D.'s vagina or legs, lying down on a seat that she was standing on, or holding her and preventing her from leaving. He also denied that K.J.D. hit him; he saw her hit someone named "Quinn."

¶ 7        Davontay also testified while watching the recording. Again, this "testimony" is mostly Davontay pointing out and identifying various people in the recording. He described how someone named "Curtis" grabbed K.J.D.'s leg. At some point later, K.J.D. sat in the same seat with him, as he pointed out in the recording.

¶ 8        Donavon testified that he was on the activity bus on December 1. He did not know K.J.D. but had seen her around school. The bus was crowded, and he climbed over seats to move to the front to get off at his stop. However, the bus driver would not let anyone off the bus because someone threw a pen at her, and the bus returned to the school. He climbed back to his seat.

¶ 9        Donavon got up to talk to a friend who was seated a couple of rows ahead of him on the opposite side of the bus. He passed K.J.D. in the aisle. At some point, K.J.D. was right in front of him while he was in the aisle. However, he never touched her with any part of his body. Donavon specifically denied touching his pelvis to K.J.D.'s buttocks or touching her waist with his hands. He also testified that later on, K.J.D. sat in a seat that he had vacated. He asked her to move, and she refused. He did not touch her but moved his hand in front of her face. She later moved when he again asked her to do so. He never had any physical contact with K.J.D. on December 1. Donavon also testified while watching the recording.

_____

[3]Dezzion was also charged for his actions on the bus that evening. See *In re D.M.*, 2013 IL App (2d) 110849-U.

¶ 10    After the trial court found respondents guilty of the various charges, Davontay and the State agreed that counts IV, VII, and XIII should be merged into count I (aggravated criminal sexual abuse) (720 ILCS 5/12-16(c)(2)(ii) (West 2008)), and Donavon and the State agreed that count X would merge into count V(attempt (aggravated criminal sexual abuse)) (720 ILCS 5/8-4(a), 12-16(c)(2)(ii) (West 2008)). The trial court denied respondents' motions for a new trial or, in the alternative, to reconsider and proceeded to sentencing hearings. Davontay and the State submitted an agreed sentence of five years' probation with various conditions, including stayed time in the juvenile detention center, DNA indexing, registration as a sex offender, counseling, and STD/HIV testing. The trial court brought up a sexual assault fine of $200 and a sex offender fine of $500, of which neither the State nor Donavon appeared to be aware. After some discussion, the sentencing hearings were continued for the parties to research the applicability of the fines.

¶ 11    On March 1, after hearing argument, the trial court concluded that the sexual assault fine applied to minors charged under the Juvenile Court Act. The trial court explained:

> "Well, counsel, looking at the 'Corrections' section of the statute, 730 ILCS 5/5-4-3, 'Persons convicted of or found delinquent for, certain offenses or institutionalized as sexually dangerous; specimens; genetic marker groups.'
>
> So it appears that some fines, costs and fees apply to DNA, certainly apply to minors, and I would assume that also the other fines that deal with sex offenses also apply to minors also [*sic*] when it comes to sentencing.
>
> So at this point without anything clearly stating that it doesn't apply to minors and that we do use different terminology, but we use all the same protections as well as statutes, charges as an adult would be in the same situation, the fines shall apply in this matter also."

The court then adjudicated Davontay a delinquent minor and a ward of the court and sentenced him as Davontay and the State had agreed, with the addition of the $200 sexual assault fine. After a sentencing hearing, the court adjudicated Donavon a delinquent minor and a ward of the court and sentenced him to probation with various conditions, including the $200 sexual assault fine. These appeals followed.

¶ 12                                    II. ANALYSIS
¶ 13                        A. Proof of Sexual Gratification or Arousal
¶ 14    Respondents first contend that the State failed to prove all elements of the sex-related charges beyond a reasonable doubt. We review a claim of insufficient evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Ortiz*, 2012 IL App (2d) 101261, ¶ 9. Where evidence permits multiple reasonable inferences, we will accept those inferences that support the trial court's judgment. *In re Marriage of Bates*, 212 Ill. 2d 489, 516 (2004). A trier of fact, by virtue of its ability to actually observe the conduct and demeanor of the witnesses, is in the best position to assess their credibility; thus, we defer to the trial court's findings regarding credibility. *In re Marriage of*

*Berberet*, 2012 IL App (4th) 110749, ¶ 56. This court will not make an independent determination of credibility or reweigh evidence. *UDI No. 2, LLC v. Department of Public Health*, 2012 IL App (4th) 110691, ¶ 43. A judgment is against the manifest weight of the evidence only if the opposite conclusion is clearly evident. *In re Arthur H.*, 212 Ill. 2d 441, 464 (2004).

¶ 15        In addition to the charges of aggravated battery, the trial court found proven the charges that Davontay had committed aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(2)(ii) (West 2008)) (count I), attempt (aggravated criminal sexual abuse) (720 ILCS 5/8-4(a), 12-16(c)(2)(ii) (West 2008)) (count IV), and criminal sexual abuse (720 ILCS 5/12-15(b) (West 2008)) (count VII); and that Donavon had committed attempt (aggravated criminal sexual abuse) (720 ILCS 5/8-4(a), 12-16(c)(2)(ii) (West 2008)). Each of these sexual offenses requires the commission of an act of "sexual conduct," which is defined in relevant part by section 12-12(e) of the Criminal Code of 1961 (Code) as:

> "any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, *** for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/12-12(e) (West 2008).

¶ 16        Respondents argue that there was no evidence that either of them intended sexual gratification or arousal of anyone. According to respondents, "[a]t most, the State's evidence proved that the minors acted inappropriately toward K.J.D. by humiliating her." We disagree.

¶ 17        The phrase "sexual gratification or arousal" is not defined in the Code. However, in *People v. Alexander*, 369 Ill. App. 3d 955 (2007), the court analyzed the phrase as it was used in the offense of sexual exploitation of a child ("exposes his or her sex organs, anus or breast for the purpose of sexual arousal or gratification of such person or the child") (720 ILCS 5/11-9.1(a)(2) (West 2002)). The defendant in *Alexander* was alleged to have exposed himself to two young girls, masturbated in front of them, and touched one of the girls "inappropriately." *Alexander*, 369 Ill. App. 3d at 957. One of the child victims testified that nothing came out of the defendant's penis. The defendant argued that "sexual arousal or gratification" was not proven because he did not ejaculate. *Id.* at 956.

¶ 18        The court determined that the phrase "sexual gratification" possessed "no restrictive legal definition"; a jury "can determine the meaning of the term 'sexual gratification' upon 'fair and open deliberations.' [Citation.]" *Id.* at 957. Further, sexual gratification could be proven by circumstantial evidence. *Id.* Thus, even considering the testimony that the defendant did not ejaculate when he masturbated in front of the victims, it was "not 'inherently implausible' that a rational trier of fact, confronted with this evidence, could have found that there was sufficient proof that Alexander's sexual gratification was proven beyond a reasonable doubt." *Id.*

¶ 19        Respondents assert that, while a fact finder may infer that an adult offender intended sexual gratification or arousal (see, *e.g.*, *People v. Burton*, 399 Ill. App. 3d 809, 813 (2010)), such an inference is not reasonable when the accused is a child. " ' "[I]t is not justified to impute the same intent into a child's action that one could reasonably impute into the actions of an adult." ' " *In re D.H.*, 381 Ill. App. 3d 737, 741 (2008) (quoting *In re Matthew K.*, 355 Ill. App. 3d 652, 655 (2005), quoting *In re A.J.H.*, 210 Ill. App. 3d 65, 72 (1991)). However, it is not a

- 5 -

bright-line test; the issue of a minor's intent of sexual gratification or arousal must be determined on a case-by-case basis, and the fact finder must consider all of the evidence, including the minor's age and maturity, before deciding whether such intent can be inferred. *Matthew K.*, 355 Ill. App. 3d at 656-57.

¶ 20    In *Matthew K.*, the 12-year-old respondent minor was found guilty of fondling the 7-year-old victim's vagina and placing his tongue on the victim's mouth. This court noted that, not only was there insufficient circumstantial evidence that the respondent acted with the purpose of sexual gratification ("There was no evidence that Matthew removed his clothing, breathed heavily, placed the victim's hand on his penis, or had an erection or any other observable signs of arousal"), an " 'eminently qualified' " child psychiatrist opined that the respondent "did not act with the intent to sexually gratify himself or the victim" and that he was " 'a socially deficient 12-year-old, maybe acting at the level of a 10-year-old, playing doctor with a 7-year-old.' " *Id.* at 655. Thus, an inference of intent of sexual gratification, without any evidence of intent, was unreasonable. *Id.* at 656.

¶ 21    Here, Davontay was 13 years old and Donavon was 12 years old at the time of the incident; an "automatic" inference of intent of sexual gratification or arousal would be inappropriate. Respondents assert that their immaturity is underscored by their behavior on the bus as depicted in the DVD recording. However, the DVD is of little value to us as a reviewing court. Although we can watch the generally rambunctious behavior of children on the bus, without witnesses pointing out who is whom, we cannot make any determination regarding the actions (or inactions) of individuals that we cannot specifically identify and watch.

¶ 22    Ultimately, the trial court, which had the opportunity to view the recording with witnesses pointing out people and actions, and had the opportunity to view respondents in court as they testified and as they acted throughout the course of the trial, was in the superior position to judge their credibility and maturity. Certainly, respondents' alleged actions on the bus were of a sexual nature. K.J.D. testified that Davontay had his left hand on her upper thigh and moved his right hand on her vagina. She also testified that Donavon put his hands on her waist and "humped" her, moving his body back and forth on her "behind" for about a minute, simulating a sex act. The trial court's inference that these actions were for sexual gratification or arousal, as opposed to an attempt to humiliate K.J.D., as respondents contend, is not against the manifest weight of the evidence. Where evidence permits multiple reasonable inferences, we will accept those inferences that support the trial court's judgment. *In re Marriage of Bates*, 212 Ill. 2d at 516. We cannot say that no rational trier of fact could have inferred that respondents acted with intent of sexual gratification or arousal; therefore, we find no error here.

¶ 23                                    B. Sexual Assault Fine

¶ 24    Respondents next contend that the trial court erred in assessing against each of them a $200 sexual assault fine, pursuant to section 5-9-1.7(b)(1) of the Unified Code of Corrections (730 ILCS 5/5-9-1.7(b)(1) (West 2008)). Because this issue involves the interpretation of a statute, our standard of review is *de novo*. *In re D.D.*, 312 Ill. App. 3d 806, 809 (2000). Our inquiry must always begin with the statutory language itself, as it is the surest and most reliable

indicator of the legislature's intent. *People v. Taylor*, 221 Ill. 2d 157, 162 (2006). Where the language of the statute is clear, it must be applied as written, without resort to further aids or tools of interpretation. *Id.* This court cannot, under the guise of statutory interpretation, remedy an apparent legislative oversight by rewriting a statute in a way that is inconsistent with its clear and unambiguous language. *Id.* at 162-63.

¶ 25    Section 5-9-1.7(b)(1) provides in relevant part:

> "In addition to any other penalty imposed, a fine of $200 shall be imposed upon any person who pleads guilty or who is convicted of, or who receives a disposition of court supervision for, a sexual assault[4] or attempt of a sexual assault." 730 ILCS 5/5-9-1.7(b)(1) (West 2008).

¶ 26    Respondents in this case fit none of the categories of "person" contained in section 5-9-1.7(b)(1). They did not plead guilty to any charge. Following trial, respondents were adjudicated delinquent minors and made wards of the court. Our supreme court has consistently held that juvenile adjudications under the Juvenile Court Act do not constitute convictions. See *In re Jonathon C.B.*, 2011 IL 107750, ¶ 97. Respondents did not receive dispositions of court supervision; indeed, juvenile offenders may not be placed on supervision after being adjudicated delinquent minors. See *In re Veronica C.*, 239 Ill. 2d 134, 148 (2010). The statutory language is clear and unambiguous and must be applied as written.

¶ 27    The State argues that, since the Juvenile Court Act now provides for pleas of guilty and findings of guilt after trial in juvenile proceedings (see 705 ILCS 405/5-605, 5-620 (West 2008); *Taylor*, 221 Ill. 2d at 167), it would be "absurd" to impose the fine on juveniles who plead guilty to sexual assault crimes but not on those who are adjudicated delinquent for such crimes after trials. According to the State, such a "disparate impact" shows that the legislature intended the term "convicted" to include adjudications of delinquency. However, this argument is nothing more than an attempt, under the guise of statutory interpretation, to remedy an apparent legislative oversight by rewriting section 5-9-1.7(b)(1) in a way that is inconsistent with its clear and unambiguous language. This we cannot, and will not, do. See *Taylor*, 221 Ill. 2d at 162-63.

¶ 28    Even if we were to find section 5-9-1.7(b)(1) to be ambiguous such that maxims of statutory construction would need to be applied, our conclusion would be the same. The maxim *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) is based in logic and common sense and dictates that, where a statute lists the things to which it refers, it may be inferred that all omissions therefrom should be understood as exclusions. *People v. Davis*, 2012 IL App (2d) 110581, ¶ 32. As the legislature did not include persons who have been "adjudicated a delinquent minor and made a ward of the court" in the list of persons to whom section 5-9-1.7(b)(1) applies, we may infer that the legislature intended to exclude such persons from its application.

¶ 29    The trial court's assessment of the section 5-9-1.7(b)(1) sexual assault fine against respondents was, as a matter of law, in error. Therefore, the portions of the sentencing orders

---

[4]For purposes of this statute, the term "sexual assault" includes the commission or attempted commission of aggravated criminal sexual abuse. See 730 ILCS 5/5-9-1.7(a)(1) (West 2008).

assessing that fine against respondents are vacated.

¶ 30                                    III. CONCLUSION

¶ 31          For these reasons, the judgment of the circuit court of Winnebago County is affirmed in part and vacated in part.

¶ 32          Affirmed in part and vacated in part.