NOTICE

Decision filed 05/21/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230647-U

NO. 5-23-0647

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 11-CF-1698 |
| | ) | |
| ANTONIO L. BROWN, | ) | Honorable |
| | ) | Randall B. Rosenbaum, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly dismissed the defendant's petition for relief from judgment where it was untimely, and the underlying judgment was not void. The court properly denied the defendant's request for appointed counsel. As any argument to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2                                    I. BACKGROUND

¶ 3    The defendant, Antonio L. Brown, appeals the circuit court's order dismissing his petition for relief from judgment. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that reversible error occurred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has notified the defendant of its motion. This court has provided him with ample opportunity to respond, and he has done so.

1

However, after considering the record on appeal, OSAD's motion and supporting brief, and the defendant's response, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 4      In October 2011, an information charged the defendant with two counts of aggravated unlawful use of weapons (AUUW). Count I alleged that he "knowingly carried a handgun *** when he was not on his own land, or in his own abode, or in his own fixed place of business" in violation of sections 24-1.6(a)(1) and 24-1.6(a)(3)(I) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.6(a)(1), (a)(3)(I) (West 2010)). Count II alleged that he "knowingly carried in any vehicle a firearm" when he had not been issued a currently valid Firearm Owners Identification (FOID) card, in violation of sections 24-1.6(a)(1) and 24-1.6(a)(3)(C) of the Code (*id.* § 24-1.6(a)(1), (a)(3)(C)).

¶ 5      The defendant pleaded guilty to count II. In exchange for the plea, the State recommended a sentence of 12 months' probation and dismissed count I. The factual basis showed that, after the police stopped his vehicle, the defendant admitted to driving without a valid driver's license. He consented to a search of the vehicle, during which officers found a .22-caliber Beretta handgun inside a purse. The defendant did not have a valid FOID card. The court found the plea voluntary and imposed the agreed-upon sentence.

¶ 6      On May 31, 2022, the defendant filed a petition for relief from judgment. He alleged that his conviction was void because the AUUW statute under which he was convicted was unconstitutional on its face under *People v. Aguilar*, 2013 IL 112116. He alleged that the conviction violated his second amendment right to keep and bear arms. He filed an accompanying motion requesting the appointment of counsel.

¶ 7    The circuit court held that the defendant was not entitled to appointed counsel, explaining that he could hire counsel or represent himself. The State moved to dismiss the petition, asserting that it was untimely. The State further argued that the AUUW sections under which the defendant was convicted were not affected by *Aguilar*.

¶ 8    The court agreed and dismissed the petition, noting that *Aguilar* did not invalidate the provision of the AUUW statute under which the defendant was convicted. Accordingly, his conviction was not void and no basis existed to excuse the untimely filing of the petition. The defendant timely appealed.

¶ 9                                    II. ANALYSIS

¶ 10    OSAD asserts that the only two issues it could raise are (1) whether the circuit court erred in dismissing the petition and (2) whether the court erred in denying the defendant's request for appointed counsel. It concludes that neither issue has even arguable merit. We agree.

¶ 11    OSAD first notes that the court did not err in dismissing the petition because *Aguilar* did not invalidate the section of the AUUW statute under which the defendant was convicted. A petition filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)) allows a criminal the defendant to challenge "errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). A section 2-1401 petition may also be used to challenge a void judgment. *People v. Thompson*, 2015 IL 118151, ¶ 29. Such a petition must be filed no later than two years after the entry of judgment complained of unless it alleges that the judgment is void. *Id.* ¶¶ 29, 32. A judgment is void "(1) when it is entered by a court that lacked personal or subject-matter jurisdiction or (2) when it is based on a statute that is facially unconstitutional and void *ab initio*." *People v. Stoecker*, 2020 IL

3

124807, ¶ 28. We review *de novo* an order dismissing a section 2-1401 petition. *People v. Carter*, 2015 IL 117709, ¶ 13.

¶ 12 The defendant's petition alleged that his conviction was void because the supreme court had held the AUUW statute unconstitutional in *Aguilar*. There, the court held that section 24-1.6(a)(1), (a)(3)(A) of the Code, which prohibited carrying an uncased, loaded, and immediately accessible firearm on one's person, was a "wholesale statutory ban" on the public carrying of firearms that was impermissible under the second amendment (U.S. Const., amend. II). *Aguilar*, 2013 IL 112116, ¶¶ 21-22.

¶ 13 Here, however, the defendant pleaded guilty to count II of the information, which alleged that he possessed a firearm without a valid FOID card. 720 ILCS 5/24-1.6(a)(1), (a)(3)(C) (West 2010). This section was not at issue in *Aguilar*, where the court noted that the second amendment right to carry firearms was not unlimited and thus the amendment does not prohibit all " 'laws imposing conditions and qualifications on the commercial sale of arms.' " *Aguilar*, 2013 IL 112116, ¶ 26 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008)). Subsequently, in *People v. Mosley*, 2015 IL 115872, the court expressly upheld the validity of the FOID card requirement in section (a)(3)(C) as a reasonable regulation on the possession of firearms. *Id.* ¶ 36. Because the section of the AUUW statute under which the defendant pleaded guilty is not unconstitutional, his conviction is not void and the circuit court properly dismissed his petition.

¶ 14 OSAD further concludes that there is no reasonably meritorious argument that the court erred in denying the defendant's request for appointed counsel. A petitioner has no express statutory right to the assistance of counsel when filing a section 2-1401 petition. *Stoecker*, 2020 IL 124807, ¶ 36. Thus, a circuit court is not obligated to appoint counsel in connection with the filing

4

of a section 2-1401 petition but may do so in its discretion. *Id.* We agree with OSAD that the court did not err in refusing to appoint counsel to assist the defendant with a plainly meritless petition.

¶ 15    In his response, the defendant does not address the arguments raised in his petition or respond directly to OSAD's motion. Instead, he attempts to raise two new arguments: (1) that defense counsel provided ineffective assistance by waiving a preliminary hearing at arraignment and (2) that the trial court did not acquire personal jurisdiction over the defendant because he was not served with summons.

¶ 16    The former argument is forfeited, as it was not raised in the defendant's petition. Issues not raised in a dismissed postconviction petition cannot be raised for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 507 (2004).

¶ 17    We will briefly address the defendant's second argument as it challenges the circuit court's personal jurisdiction over the defendant. *Stoecker*, 2020 IL 124807, ¶ 28 (judgment is void when entered in the absence of personal jurisdiction); *People v. Flowers*, 208 Ill. 2d 291, 308 (2003) (void judgment can be attacked at any time).

¶ 18    The defendant cites civil cases holding that service of summons and process is necessary to acquire personal jurisdiction over a defendant. However, formal service is not required in criminal cases. In a criminal case, a trial court obtains personal jurisdiction over a defendant when he appears before it. *People v. Raczkowski*, 359 Ill. App. 3d 494, 497 (2005). "A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea." *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002).

¶ 19    Here, the record shows that the defendant was present at his arraignment and entered a not-guilty plea. Of course, he later pleaded guilty. Thus, he submitted to the court's jurisdiction and his conviction is not void for lack of personal jurisdiction.

¶ 20                                III. CONCLUSION

¶ 21    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 22    Motion granted; judgment affirmed.