2021 IL App (1st) 182534-U

No. 1-18-2534

Order filed September 27, 2021

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Respondent-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 96 CR 30388 |
| MELVIN ADDISON, | ) ) | Honorable Alfredo Maldonado, |
| Petitioner-Appellant. | ) | Judge, presiding. |

JUSTICE WALKER delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's order dismissing defendant's section 2-1401 petition is affirmed where defendant failed to state a voidness claim that would defeat the two-year statute of limitations.

¶ 2    Petitioner-Appellant Melvin Addison appeals from the dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2006)). On appeal, Addison contends that the two-year statute of limitations applicable to section 2-1401 petitions should be relaxed because the attorney who represented him

from September 2007 until December 2014 provided unreasonable assistance, and his petition contained a meritorious claim of double jeopardy. For the following reasons, we affirm.

¶ 3                                                     BACKGROUND

¶ 4      Following a 1998 jury trial, Addison was found guilty of felony murder and robbery and was sentenced to consecutive terms of 60 years' and 7 years' imprisonment, respectively.

¶ 5      The evidence showed that on May 3, 1994, Richard Mares purchased crack cocaine from Addison, who then decided to rob Mares. According to Addison's statement to police, Mares purchased the cocaine and then drove Addison to pick up Kenneth Smith and Roosevelt Barnes. After picking them up, Addison announced the robbery. Mares grabbed a firearm from under the front seat of his vehicle, and Addison struggled for it. Addison pointed the firearm at Mares' head and "the gun then fired." The three men disposed of Mares' body in a nearby creek, divided his money, and traded other items found on Mares' body, including his pager, watch, and cellular telephone, for crack cocaine.

¶ 6      Addison appealed his convictions, arguing his 60-year sentence for felony murder was excessive because of his history of mental illness, and he did not carry a weapon or premeditate the murder. He also argued that the court erred in imposing consecutive sentences because the offenses occurred during a single course of conduct. We affirmed. *People v. Addison*, No. 1-98-3990 (2000) (unpublished order under Supreme Court Rule 23).

¶ 7      In January 2001, Addison filed a *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2000)), arguing the circuit court imposed consecutive sentences in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court dismissed the petition without prejudice. We affirmed, and granted appellate counsel leave to withdraw.

*People v. Addison*, No. 1-01-1455 (2002) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 8    In December 2002, Addison filed a successive *pro se* postconviction petition arguing trial counsel was ineffective for failing to object to certain evidence. The circuit court summarily dismissed the petition. We affirmed over Addison's contentions that *res judicata* and waiver did not apply, and the circuit court failed to comply with the mandatory requirement that a summary dismissal order be sent to Addison by certified mail within 10 days of its entry. *People v. Addison*, No. 1-03-0918 (2004) (unpublished order under Supreme Court Rule 23).

¶ 9    In January 2005, Addison filed a petition for writ of *habeas corpus*, alleging that (1) the circuit court violated due process by imposing consecutive sentences and his 60-year sentence for felony murder was excessive due to his history of mental illness; (2) trial counsel failed to object to evidence which contradicted Addison's "alleged forced signed statement"; (3) the mittimus incorrectly indicated he was sentenced consecutively to 60 years' and 30 years' imprisonment; and (4) the evidence was insufficient where the State did not present forensic evidence, including blood or fingerprints, and the firearm had been destroyed. The circuit court summarily dismissed the petition, and Addison did not appeal.

¶ 10    On October 17, 2006, Addison filed the instant *pro se* section 2-1401 petition. Relevant here, Addison argued that his conviction for robbery must be vacated because the robbery served as the predicate felony for felony murder, and both convictions should be vacated because the judgment violates the prohibition against double jeopardy and is therefore void.

¶ 11    The court announced it would appoint a public defender, who was ultimately assigned in September 2007. Counsel requested continuances from September 2007 until December 2014,

when she announced her retirement. Addison received a replacement public defender at the next status hearing in January 2015.

¶ 12    After several more continuances, on October 23, 2015, Addison filed a motion requesting the court to hear argument on his petition within 90 days and noted his petition had been pending since 2006 with no response from the State. On December 15, 2015, replacement counsel informed the court that he prepared an amended section 2-1401 petition, which addressed "a very small part" of the issues Addison raised in his *pro se* petition. Replacement counsel indicated Addison was not satisfied with what he had prepared. Addison then requested another attorney, who would address all the issues from his initial petition and expressed frustration at the length of time the petition had been pending. The court denied his request but indicated he could seek alternate representation himself.

¶ 13    On September 6, 2016, Addison again informed the court "it's not going to work out" with replacement counsel because the amended petition only addressed one issue from his *pro se* petition. Addison then requested leave to represent himself, and the court admonished him before allowing replacement counsel leave to withdraw. Addison stated he had "no other choice" but to represent himself.

¶ 14    On September 21, 2016, and October 25, 2016, Addison filed two motions for appointment of counsel. On December 13, 2016, the court reappointed the public defender's office and the same replacement counsel resumed representation. On January 11, 2017, replacement counsel filed an amended section 2-1401 petition and argued the circuit court erred in convicting Addison of felony murder as well as robbery, the predicate offense for felony murder. He also argued that appellate

counsel was ineffective for failing to raise this issue on direct appeal. Furthermore, Counsel filed a certificate pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 15    On April 12, 2017, Addison again requested to proceed *pro se* because he wanted to argue all the points in his petition so they would not be waived. After discussing the ramifications of Addison's choice, the court again allowed replacement counsel leave to withdraw.

¶ 16    On May 29, 2018, the State filed a motion to dismiss, arguing that a section 2-1401 petition is not the proper medium for litigating alleged errors of law and constitutional violations, and the underlying judgment was not void. The State also argued that Addison's petition was untimely filed outside of the two-year statute of limitations, and he did not allege that the circuit court lacked jurisdiction or either conviction was void *ab initio*.

¶ 17    On August 15, 2018, Addison filed a *pro se* motion to strike the State's motion to dismiss, arguing the State's motion was procedurally defaulted pursuant to Supreme Court Rule 105(a) (eff. Jan. 1, 2018) because the State did not respond to his petition within 30 days of filing. That same day, the court heard argument on the motion and took the matter under advisement.

¶ 18    On October 10, 2018, the court stated that it granted the State's motion to dismiss Addison's section 2-1401 petition. On October 31, 2018, the court entered a written order finding that Addison did not allege facts that could render the judgment void, so his petition was subject to the statute of limitations and, therefore, untimely. The court also found that Addison could have raised his claims on direct appeal and in a postconviction petition. Turning to the merits, the court stated that while a defendant cannot be convicted of both felony murder and its predicate felony, "it is not clear that occurred in this case" because evidence showed he and his co-offenders took several items from the victim and his vehicle. Therefore, while the State only proceeded on one

count of felony murder and one count of robbery of money from the victim, and dismissed all other counts, the evidence could have supported a separate robbery from the one that served as the predicate for felony murder.

¶ 19                                    ANALYSIS

¶ 20    On appeal, Addison argues that the court erred in dismissing his section 2-1401 petition because fundamental fairness necessitates relaxing procedural bars, including the late filing of the petition, because he received unreasonable assistance from the attorney who represented him from September 2007 until December 2014.

¶ 21    Section 2-1401 of the Code is a civil remedy that extends to criminal cases and provides a statutory mechanism for vacating final judgments more than 30 days from their entry. 735 ILCS 5/2-1401 (West 2006); *People v. Stoecker*, 2020 IL 124807, ¶ 18. "A section 2-1401 petition for relief from a final judgment is the forum in a criminal case in which to correct all errors of fact occurring in the prosecution of a cause, unknown to the petitioner and court at the time judgment was entered, which, if then known, would have prevented its rendition." *People v. Haynes*, 192 Ill. 2d 437, 461 (2000). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). A section 2-1401 petition is "not designed to provide a general review of all trial errors nor to substitute for direct appeal." (Internal quotation marks omitted.) *Haynes*, 192 Ill. 2d at 461. Where a section 2-1401 petition was decided without an evidentiary hearing, we review *de novo* the circuit court's judgment. *Vincent*, 226 Ill. 2d at 18.

¶ 22    Generally, a section 2-1401 petition "must be filed not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2006). However, the time during which the petitioner is "under legal disability or duress" or where "the ground for relief is fraudulently concealed" is "excluded in computing the period of two years." 735 ILCS 5/2-1401(c) (West 2006); see *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). The limitations period also does not apply when the petition challenges a void judgment. *People v. Thompson*, 2015 IL 118151, ¶ 29.

¶ 23    Here, Addison filed his section 2-1401 petition well beyond the two-year limitation period, as he was convicted in 1998, but did not file his petition until 2006. Therefore, his petition was untimely. Moreover, Addison did not allege legal disability or duress, or that the grounds for relief were fraudulently concealed. Rather, he argued the two-year limitation period does not apply to his petition because the judgment he is challenging, namely, his convictions, was void. Specifically, he argued his conviction for robbery must be vacated because the robbery served as the predicate felony for his felony murder conviction, and both convictions should be vacated because the judgment violates the prohibition against double jeopardy. Similarly, in this court he contends that his conviction for robbery must be vacated as it is the predicate offense for his felony murder conviction, and therefore, constitutes a conviction for a lesser-included offense that violates the prohibition against double jeopardy.

¶ 24    A voidness challenge under section 2-1401 asserts that a judgment is void because the court lacked personal or subject matter jurisdiction. See *Thompson*, 2015 IL 118151, ¶ 29; see also *People v. Stoecker*, 2020 IL 124807, ¶ 28. Where the court lacked jurisdiction, the judgment is "void and may be attacked either directly or indirectly at any time." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). "By contrast, a voidable judgment is one entered erroneously by a court having

jurisdiction and is not subject to collateral attack." *Id.* at 155-56. "[A] court may not lose jurisdiction because it makes a mistake in determining either the facts, the law, or both." *People v. Raczkowski*, 359 Ill. App. 3d 494, 497 (2005).

¶ 25    In *People v. Coady*, 156 Ill. 2d 531, 537-538 (1993), our supreme court found that a double jeopardy violation renders a judgment voidable, not void. Given that Addison's double jeopardy argument, even if successful, would at most render his convictions voidable, his petition was still subject to the two-year limitations period. Therefore, Addison's section 2-1401 petition for relief from judgment, which was filed about eight years after his convictions, was untimely, and the circuit court properly granted the State's motion to dismiss on that ground.

¶ 26    Addison nevertheless contends this court should relax the procedural bars applicable to section 2-1401 petitions for fundamental fairness and that his petition "languished" under the public defender who was initially appointed to his case, who did not advance it substantively for nine years. He argues that during this time, the Illinois Supreme Court decided *People v. Castleberry*, 2015 IL 116916, abolishing the void sentence rule, "which could have perhaps entitled [him] to a vacature of his 7-year robbery sentence."

¶ 27    "A petitioner seeking to collaterally attack a judgment has no constitutional right to the assistance of counsel." *Stoecker*, 2020 IL 124807, ¶ 35 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Further, a petitioner has no express statutory right to counsel in section 2-1401 proceedings, in contrast with proceedings under the Act (725 ILCS 5/122-4 (West 2006)). *Pinkonsly*, 207 Ill. 2d at 267-268.-While the court has no duty to appoint counsel to represent the petitioner, it may do so at its discretion. See *Tedder v. Fairman*, 92 Ill. 2d 216, 226-227 (1982). Therefore, "any discretionary appointment of counsel in the context of a section 2-1401 proceeding

requires the same due diligence as any lawyer would be required to perform in assisting his or her client." *Stoecker*, 2020 IL 124807, ¶ 42. In the context of a section 2-1401 petition, counsel has an obligation, to the best of his or her legal ability, to make a cogent argument in support of defendant's claims and to overcome procedural hurdles where legally and ethically possible. *Id.* "[A] claim of lack of due diligence sufficient to warrant remand depends on an arguably meritorious claim." *Id.* ¶ 43.

¶ 28    Addison does not have any arguably meritorious claim to overcome the untimeliness of his petition. Accordingly, no claim of lack of due diligence of appointed counsel will warrant a remand of this case. As outlined above, Addison did not argue in his petition that he was subject to legal disability or duress, or that the grounds for relief were fraudulently concealed. He did argue that the judgment against him was void. While void judgments may excuse the untimeliness of a section 2-1401 petition, Addison's petition addresses a voidable judgment—an alleged violation of the prohibition against double jeopardy. See *Stoecker*, 2020 IL 124807, ¶ 28; *Coady*, 156 Ill. 2d at 537-538. Appointed counsel's failure to pursue a meritless claim cannot constitute deficient representation warranting remand. See *Stoecker*, 2020 IL 124807, ¶ 45. Therefore, because Addison did not present any arguable meritorious claim to overcome the untimeliness of his petition, he cannot bring a cognizable claim of lack of due diligence by appointed counsel.

¶ 29    Appointed counsel was assigned in September 2007 and requested continuances from September 2007 until December 2014, when she announced her retirement. At no point did she ask the court to recharacterize the *pro se* pleading as a postconviction petition, and the court was under no obligation to *sua sponte* recharacterize it. The apparent abandonment of Addison's case by his appointed counsel is troubling. However, this court has no authority to review, for error, the

trial court's decision not to recharacterize a pro se pleading as a postconviction petition. See *People v. Stoffel*, 239 Ill.2d 314 (2010). Given that this court lacks the authority to extend the time to file a section 2-1401 petition, it appears that Addison has the limited options of filing a successive postconviction petition or seeking a supervisory order from the Illinois Supreme Court. We take no position on the likely success of either option.

¶ 30                                    CONCLUSION

¶ 31    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 32    Affirmed.