2024 IL App (1st) 231264-U

No. 1-23-1264

Order filed August 16, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | No. 96 CR 30388 |
| v. | ) | |
| | ) | The Honorable |
| MELVIN ADDISON, | ) | Alfredo Maldonado, |
| | ) | Judge, Presiding. |
| Petitioner-Appellant. | ) | |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirm the circuit court's denial of petitioner's motion for leave to file a successive postconviction petition where he failed to satisfy the requisite cause and prejudice necessary to warrant consideration of his claim on the merits.

¶ 2     This appeal derives from the circuit court's denial of a motion for leave to file a successive postconviction petition brought pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). Petitioner Melvin Addison argues (1) fundamental fairness requires

vacatur of his seven-year sentence for robbery where his robbery conviction served as a predicate for his felony murder conviction in violation of the double jeopardy clause of the Federal and Illinois constitutions (U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10) or (2) alternatively, he met the requisite cause and prejudice necessary to warrant consideration of his double jeopardy claim on the merits where appointed counsels on direct and prior collateral proceedings rendered deficient performance and he presented a meritorious claim. For the following reasons, we affirm the circuit court's judgment.

¶ 3                                                I. BACKGROUND

¶ 4      Following a jury trial, Addison was found guilty of robbery and felony murder predicated on robbery and received a consecutive sentence of 60 years on the felony murder conviction and 7 years on the robbery conviction. Addison appealed, arguing his 60-year sentence for felony murder was excessive and the circuit court lacked discretion to impose consecutive sentences. This court affirmed the circuit court's judgment. *People v. Addison*, No. 1-98-3990 (2000) (unpublished order under Illinois Supreme Rule Court 23).

¶ 5      In January 2001, Addison filed his first postconviction petition alleging his consecutive sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The court dismissed the petition without prejudice, and Addison appealed. Appellate counsel filed a motion requesting to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). In his response to the motion, Addison argued that the truth-in-sentencing provision governing his sentence violated the single-subject clause of the Illinois constitution. This court granted the *Finley* motion. *People v. Addison*, No. 1-01-1455 (February 13, 2002) (unpublished order under Illinois Supreme Rule Court 23).

¶ 6    Addison filed his second postconviction petition about two years after filing the first petition. The second petition alleged trial counsel was ineffective for failing to object to evidence at trial that was contradictory to his signed police statement. The circuit court summarily dismissed the petition. This court affirmed the circuit court's judgment. *People v. Addison*, No. 1-03-0918 (June 30, 2004) (unpublished order under Illinois Supreme Rule Court 23). Addison subsequently filed a petition for *habeas corpus* arguing (1) his sentence reflected in the mittimus conflicts with the circuit court's original sentence, (2) his consecutive sentences were unconstitutional, (3) trial counsel was ineffective for failing to challenge discrepancies between his police statement and the State's evidence, and (4) the gun found at the crime scene was destroyed and never admitted in court. The circuit court denied the petition.

¶ 7    In October 2006, Addison filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). In the petition, Addison raised for the first time that his robbery conviction should be vacated because it served as a predicate for his felony murder conviction. The circuit court appointed the public defender's office to represent Addison in December 2006, and public defender Janet Stewart appeared on his behalf in September 2007. The case was continued upon Stewart's request until she retired in December 2014.

¶ 8    Nine years after filing the petition for relief from judgment, Addison filed a motion requesting a hearing on the petition within 90 days. The case was reassigned to public defender Greg Koster. Addison moved to remove Koster from the case because Koster refused to present all the issues he wanted to raise before the court. The conflict between Koster and Addison continued, and the circuit court granted the public defender's office leave to withdraw in

September 2016 and again in April 2017 after the court reappointed the office. The case was continued several more times until the State filed a motion to dismiss the petition in May 2018. The motion alleged that Addison's claims were barred by section 2-1401's two-year statute of limitation and that the challenged judgment was not void. The circuit court ultimately dismissed the petition. It held that the petition was "not a properly pled 2-1401" because it did not allege issues of fact and that the petition was untimely due to the expiration of the two-year limitations period. The court did acknowledge that "a defendant cannot be convicted of both felony murder and its predicate felony," but stated "it is not clear that occurred in this case." The court explained:

> "Addison was convicted of count 3 (felony murder) and count 30 (robbery). The State dismissed all other counts of the 35-count indictment before trial. The file available to the Court does not contain the indictment nor does any other document indicate the specifications of counts 3 and 30. The public defender's amended petition reports that count 3 specified robbery as the predicate felony and count 30 specified money as the property robbed from the victim. Count 30 was the only robbery count in the indictment. However, the trial evidence, including Addison's confession, showed he and his codefendant took other items—a pager, cellphone, wallet, and watch—from the victim and his car. Thus, the trial evidence could support a separate robbery as the predicate for felony murder. It is also worth noting that several of the dismissed counts—kidnapping and vehicular hijacking—could have provided a predicate for felony murder separate from robbery had the State elected to pursue a different theory."

¶ 9 Addison appealed, and this court affirmed the circuit court's judgment. *People v. Addison*, 2021 IL App (1st) 182534-U. This court found the circuit court properly dismissed the petition

based on untimeliness. In its order, this court concluded, "Given that this court lacks the authority to extend the time to file a section 2-1401 petition, it appears that Addison has the limited options of filing a successive postconviction petition or seeking a supervisory order from the Illinois Supreme Court."

¶ 10    Addison filed a petition titled "Melvin Addison's Free-Standing Claim of Actual Innocence Petition Under the Post-Conviction Hearing Act [citation] under claim of *Brady* violation." The petition alleged that (1) the trial evidence was "incompetent and inadmissible," there was "fraudulent concealment of evidence," and he had family members who "could speak on his behalf"; (2) the State intentionally acted in bad faith in failing to preserve crime scene evidence; (3) the State intentionally withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) his arrest was not authorized by statute; and (5) his convictions violated the double jeopardy clause and sentence was "unlawfully applied under the felony murder rule." The circuit court denied leave to file a successive petition determining Addison failed to satisfy the cause-and-prejudice test required to warrant consideration of his claims on the merit. This appeal followed.

¶ 11                                    II. JURISDICTION

¶ 12    The circuit court denied the motion for leave to file a successive postconviction petition on June 16, 2023. Addison appealed on July 6, 2023. This court has jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art VI, § 6), and Illinois Supreme Court Rule 651(a) (eff. July 1, 2017), governing appeals in postconviction proceedings.

¶ 13                                    III. ANALYSIS

¶ 14    Addison claims the circuit court erroneously denied his motion for leave to file a successive postconviction petition on the ground that he failed to satisfy the requisite cause and prejudice to warrant consideration of his claim that his robbery conviction violates double jeopardy. Addison asserts any failure to establish the requisite cause and prejudice should be excused as necessary to prevent a fundamental miscarriage of justice because procedural barriers should not overcome his right to serve a sentence that complies with the law. Given the grave consequences of this illegality, the interest of justice requires this court to exercise its authority under Illinois Supreme Court Rule 615 to vacate his robbery conviction which, in turn, would reduce his aggregate sentence. Alternatively, Addison requests we reverse the circuit court's denial of the motion for leave to file a successive petition and remand for further proceedings on the basis that he satisfied the cause-and-prejudice test. Addison argues he established cause where his appointed counsels on direct appeal and prior collateral proceedings rendered deficient performance and prejudice where he raised a meritorious double jeopardy claim. The State concedes Addison satisfied the requisite prejudice but contends he failed to establish the requisite cause for not raising the issue in his initial postconviction proceedings.

¶ 15    The Act provides a procedural mechanism through which a criminal defendant can assert that his federal or state constitutional rights were substantially violated in his original trial or sentencing hearing. 725 ILCS 5/122-1(a) (West 2022); *People v. Davis*, 2014 IL 115595, ¶ 13. A postconviction proceeding is not a substitute for a direct appeal but rather is a collateral attack on a prior conviction and sentence. *Davis*, 2014 IL 115595, ¶ 13. Issues that were raised and decided on direct appeal are barred from consideration by the doctrine of *res judicata*; issues that could have been raised, but were not, are considered forfeited. *Id.* By this design, the Act contemplates

the filing of only one postconviction petition. 725 ILCS 5/122-1(f) (West 2022); *Davis*, 2014 IL 115595, ¶ 14. A petitioner may file a successive postconviction petition but faces immense procedural default hurdles that are relaxed in limited circumstances. *Davis*, 2014 IL 115595, ¶ 14. One such basis for relaxing the bar against successive postconviction petitions is where a petitioner can establish "cause and prejudice" for the failure to raise the claim earlier. *Id.* "Cause" refers to some objective factor external to the defense that impeded counsel's efforts to raise the claim in his or her initial postconviction proceedings. 725 ILCS 5/122-1(f) (West 2022). "Prejudice" refers to a claimed constitutional error that so infected the entire trial that the resulting conviction or sentence violates due process. *Id.* Both prongs must be satisfied for the petitioner to prevail. *Davis*, 2014 IL 115595, ¶ 14. We review the circuit court's denial of a motion to file a successive postconviction petition *de novo*. *People v. Weathers*, 2015 IL App (1st) 133264, ¶ 18.

¶ 16 We first address Addison's claim that fundamental fairness requires we bypass the cause-and-prejudice test and vacate his conviction and sentence for robbery. Our supreme court clarified the relationship between fundamental fairness and the cause-and-prejudice test in *People v. Pitsonbarger*, 205 Ill. 2d 444, 457-60 (2002). The court first observed a conflict in its description of the test acknowledging it initially noted the test was " 'similar to, and accomplishes no more than' the concept of fundamental fairness" but later referred to it as a discretionary aid to determine fundamental fairness. *Id.* at 459. The court then stated:

> "We hold today that the cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made to section 122-3 so that a claim raised in a successive petition may be considered on its merits. We reaffirm that even if the petitioner cannot show cause and prejudice, his failure to raise a claim in

an earlier petition will be excused if necessary to prevent a fundamental miscarriage of justice. To demonstrate such a miscarriage of justice, a petitioner must show actual innocence or, in the context of the death penalty, he must show that but for the claimed constitutional error he would not have been found eligible for the death penalty." *Id.* The court went on to find that the petitioner must meet the cause-and-prejudice test where his successive petition made no claim of actual innocence or ineligibility for the death penalty. *Id.* at 460.

¶ 17    Addison's argument suggests that we carve out another exception to the cause-and-prejudice test by recognizing his alleged unconstitutional robbery conviction as a miscarriage of justice warranting consideration of the claim on the merits. While we understand the gravity of the claim, the *Pitsonbarger* court makes clear that the cause-and-prejudice test is applied to determine whether fundamental fairness requires review of the underlying successive claims and that only a miscarriage of justice by way of actual innocence or ineligibility for the death penalty will bypass the test's procedural bar. *Id.* at 459. While Addison did raise an actual innocence claim in his successive petition, he did not request our review of this claim on appeal. The only claim before us is whether his robbery conviction predicated on his felony murder conviction violated double jeopardy. As such, Addison must establish cause and prejudice to surpass waiver.

¶ 18    This brings us to Addison's alternative argument that he satisfied the cause-and-prejudice test. Since the parties both agree that Addison established prejudice, we focus our analysis on whether he established the requisite cause necessary to overcome waiver. Addison claims his appointed counsels' deficient performance on direct appeal and prior collateral proceedings constitutes cause.

¶ 19    This court has held the deficient performance of postconviction counsel may constitute cause when the petitioner seeks leave of court to file a successive postconviction petition. See *People v. Nicholas*, 2013 IL App (1st) 103202. There, the petitioner filed a successive postconviction petition arguing that newly discovered evidence reveals he was physically coerced into a confession and that he was actually innocent. *Id.* ¶ 27. The circuit court determined the petitioner failed to satisfy the cause and prejudice test and denied him leave to file the successive petition. *Id.* On appeal, the petitioner argued the circuit court erred in denying leave to file the successive petition asserting, *inter alia*, that he established cause because his initial postconviction proceedings were fundamentally deficient. *Id.* ¶ 41. Specifically, the petitioner raised the coercion issue in his initial petition, and the petition was summarily dismissed. *Id.* ¶ 46. The petitioner appealed, and appellate counsel sought leave to withdraw as counsel under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), on the grounds that the petitioner did not show that any officers who questioned him were being investigated for misconduct under Commander Jon Burge's command. *Id.* The petitioner responded to the *Finley* motion, stating that there was a compact disc detailing complaints of police brutality against the officer who interviewed him and that he was unable to obtain the evidence in prison. *Id.* Appellate counsel was granted leave to withdraw. *Id.*

¶ 20    Employing the two-prong *Strickland* test, this court held cause was established through appellate counsel's ineffective assistance. *Id.* ¶ 45. The appellate record revealed a report on police misconduct investigations referencing the detective that interviewed the petitioner, and this court found counsel's failure to investigate the report and raise a claim on appeal prejudiced the petitioner. *Id.* ¶ 46. This court further held that the petitioner established prejudice necessary to surpass the denial of leave to file a successive petition. *Id.* ¶¶ 40, 47. Having determined that the

petitioner satisfied the cause-and-prejudice test, this court remanded the case to the circuit court for a second stage proceeding and the appointment of counsel. *Id.* ¶ 47.

¶ 21    We find *Nicholas* distinguishable. The *Nicholas* court found appellate counsel rendered deficient performance because counsel failed to raise a meritorious issue that the petitioner asserted in his initial postconviction petition. Whereas, here, Addison did not raise the double jeopardy issue in his initial petition. Addison did appeal the petition. However, unlike appointed postconviction counsel who is tasked with amending the petition to include any additional claims, appellate counsel was limited to the claims raised in the petition on appeal. See *People v. Jones*, 211 Ill. 2d 140, 148 (2004) (finding "any issues to be reviewed must be presented in the petition filed in the circuit court" and "a defendant may not raise an issue for the first time while the matter is on review"). We cannot say counsel rendered deficient performance for failing to raise a forfeited issue on appeal. We also do not find any other concerns with appellate counsel's performance in the record. While we acknowledge Addison's concerns regarding appointed counsels on direct appeal and prior collateral proceedings—namely, the section 2-1401 proceedings—the Act specifically states that he must show cause by establishing some objective factor external to the defense that impeded counsel's efforts to raise the claim in his or her *initial postconviction proceedings*. 725 ILCS 5/122-1(f) (West 2022). Based on the unambiguous language of section 122-1(f), counsels' performances in the other proceedings are inconsequential in assessing whether Addison established cause. Without any evidence of some objective factor impeding Addison's efforts to raise the claim in his initial postconviction proceedings, we find he failed to establish the requisite cause necessary to warrant consideration of the double jeopardy

claim. Accordingly, we affirm the circuit court's denial of the motion for leave to file a successive postconviction petition.

¶ 22    As did the trial court, we also acknowledge that a defendant cannot be convicted of both felony murder and its predicate felony, and we recognize that there may be a fundamental miscarriage of justice here. But Addison must meet the cause-and-prejudice test where his successive petition made no claim of actual innocence. *Pitsonbarger*, 205 Ill. 2d at 460. While our decision forecloses this appeal, we note Addison is not without recourse. He may still seek a supervisory order from the Illinois Supreme Court. See *People v. Davis*, 156 Ill. 2d 149, 160 (1993) (exercising its supervisory authority to vacate the defendant's conviction on the lesser offense of possession although the issue was subject to waiver).

¶ 23                                  IV. CONCLUSION

¶ 24    We affirm the circuit court's denial of the motion for leave to file a successive postconviction petition.

¶ 25    Affirmed.